UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KAYLA MORGAN, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Civil Action No. 3:24-CV-0971-X |
| | § | |
| FUNDAMENTAL CLINICAL AND OPERATIONAL SERVICES LLC, | § | |
| | § | |
| *Defendant.* | § | |

### MEMORANDUM OPINION AND ORDER

This case is a retaliation suit brought under the Texas Health and Safety Code's whistleblower provision and is before this Court on diversity jurisdiction. Before the Court is Defendant Fundamental Clinical and Operational Services, LLC's (Fundamental) motion for summary judgment (Doc. 22). After reviewing the motions, the briefing, and the applicable law, the Court **GRANTS IN PART AND DENIES IN PART** the motion. The Court **DISMISSES** Morgan's claims under section 161.134 and section 142.0093 of the Texas Health and Safety Code.

### I.   Background

Fundamental provides clinical and operational support to skilled and long-term nursing facilities. Fundamental employed Plaintiff Kayla Morgan as a marketing liaison for approximately three years. Morgan initially worked with the Mira Vista Court facility, until Fundamental transferred her to the Sandy Lake facility. Her position involved "creat[ing] and maintain[ing] effective markets for facility services by developing and sustaining referral relationships" in order to

1

"maximize admission of residents."[1] In July 2023, Morgan alleges she made several reports to her supervisor and the Human Resources Director regarding patient care concerns which included complaints of alleged patient neglect, failure to timely provide patients their medications, and failure to provide wound care to a patient for several days.

At the end of July 2023, Fundamental transferred Morgan to a different facility, the Sandy Lake facility. Morgan alleges she filed a patient care complaint with two state agencies on September 12, 2023. Two weeks later, after a contentious marketing meeting at Sandy Lake, Morgan was terminated. Fundamental asserts it terminated Morgan and one other employee for a verbal altercation that occurred at the meeting. Morgan argues she was terminated, in violation of state law, in retaliation for filing patient care complaints. Fundamental moved for summary judgment on all of Morgan's claims.

## II.  Legal Standard

District courts can grant summary judgment only if the movant shows "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[2] A dispute "is genuine if the evidence is sufficient for a reasonable jury to return a verdict for the nonmoving party."[3] If the movant presents a properly supported motion, "the burden shifts to the nonmoving party to show that summary

---

[1] Doc. 24 at App. 007.

[2] Fed. R. Civ. P. 56(a).

[3] *Goodson v. City of Corpus Christi*, 202 F.3d 730, 735 (5th Cir. 2000) (cleaned up).

judgment is inappropriate."[4]  "[M]ere allegations or denials" will not suffice; nor will "unsubstantiated or conclusory assertions that a fact [dispute] exists."[5]  The nonmovant must present "evidence sufficient to support a jury verdict."[6]

### III. Analysis

Fundamental moves for summary judgment on all of Morgan's claims. The Court takes each claim in turn.

#### A. Section 260A.014 Claim

Fundamental argues that Morgan's claim under section 260A.014 of the Texas Health and Safety Code fails because she was not an employee of a facility under the statute, and even if she was, she could not establish causation. Morgan argues in response that there is a genuine dispute of material fact as to whether she was an employee within the meaning of the statute, and she has presented sufficient evidence of a genuine dispute as to causation.

##### 1. Prima Facie Case

Section 260A.014 authorizes a cause of action against "a facility, or the owner or another employee of the facility, that suspends or terminates the employment of the person or otherwise disciplines or discriminates or retaliates against the employee."[7]  The parties dispute whether the statute covers Morgan in two different

---

[4] *Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998).

[5] *Id.*

[6] *Id.*

[7] Tex. Health & Safety Code § 260A.014(b).

3

ways: first whether Fundamental is the owner of the facility, and second whether Morgan was an employee of the facility itself.

First, Fundamental insists it is a separate legal entity from the facilities Morgan supported during her employment.[8] The parties provide conflicting evidence as to whether or not Fundamental owns Mira Vista. Therefore, this is a proper fact dispute to send to a jury.

Second, Fundamental argues that Morgan cannot show she was an employee of the facility within the meaning of the statute. But yet again, Fundamental picks and chooses which statutory language it likes best. Section 260A.014 defines "employee" as "a person who is an employee of a facility or any other person who provides services for a facility for compensation, including a contract laborer for the facility."[9] While Morgan's response includes statements that she reported to Mira Vista daily, worked physically at the facility, and was assigned to the facility, Morgan provides no evidence for these assertions. Morgan's declaration includes none of these facts.[10] But Morgan does present other circumstantial evidence of her work at the facility, specifically images of her name tag, a marketing flyer that includes her name and phone number, and a business card that lists her email as

---

[8] Doc. 23 at 13; Doc. 29 at 2.

[9] Tex. Health & Safety Code § 260A.014(a).

[10] *See* Doc. 28 at App. 001–006.

"Kayla.Morgan@FUNDLTC.com," all of which bear the Mira Vista Court logo.[11] And that means this is a genuine dispute to be decided by a jury.

## 2. Causation & the Rebuttable Presumption

Assuming *arguendo* that Morgan establishes a prima facie case under section 260A.014, the Court considers whether there is a genuine dispute of material fact as to the causation element of the retaliation claim. Morgan argues she is entitled to a rebuttable presumption under the statute, but Fundamental responds it has provided evidence to rebut this presumption.

Here, Morgan, as the plaintiff, has the burden of proof on causation.[12] In whistleblower cases, the standard of causation is a but-for causation, meaning "the employee's protected conduct must be such that, without it, the employer's prohibited conduct would not have occurred when it did."[13] Section 260A.014(f) provides a rebuttable presumption where "the person's employment was suspended or terminated for reporting abuse, neglect, or exploitation if the person is suspended or terminated within 60 days after the date on which the person reported in good faith."[14]

First, the Court must first address what action constituted the retaliation. Morgan argues that, in retaliation for her protected complaints, Fundamental (1) disciplined her, (2) transferred her to another facility, (3) suspended her, and

---

[11] Doc. 28 at App. 033034.

[12] Tex. Health & Safety Code § 260A.014(f).

[13] *Tex. Dep't of Human Services of the State of Tex. v. Hinds*, 904 S.W.2d 629, 636 (Tex. 1995).

[14] Tex. Health & Safety Code § 260A.014(f).

ultimately (4) terminated her. Fundamental argues that the only retaliatory action Morgan pleads in her claim for relief is termination. Morgan's complaint specifically incorporates her factual allegations as to all four retaliatory actions.[15] Therefore, the question on causation is whether or not Morgan would have been disciplined, transferred, suspended or terminated but for, or in the absence of, filing her complaints.

Second, the Court considers causation and the rebuttable presumption. Morgan made several complaints to her supervisor, the compliance hotline, and the Texas Health and Human Services Commission. Her final complaint to the state of Texas was made on September 12, 2023. Morgan was suspended on September 28, 2023, and terminated on September 29, 2023, less than 60 days of her complaint to the state of Texas. Therefore, Morgan is entitled to the presumption of retaliation provided by the statute.

However, this presumption is rebuttable. Fundamental presents evidence by affidavit that it terminated Morgan's employment for a verbal altercation with another employee in front of its clients and that it suspended and terminated the other employee at the same time. At this stage, Fundamental would have to have conclusive evidence to rebut the presumption. But as the presumption shows, the close timing between the complaint and the termination raises a dispute on whether

---

[15] Doc. 1-3 at App. 019 ¶ 91.

the termination was retaliation. So Fundamental's evidence cannot conclusively disprove the presumption at this stage.

As for the remaining adverse actions, Morgan presents circumstantial evidence giving rise to a genuine dispute of whether or not the actions were taken in retaliation for filing a complaint protected under section 260A—including the timing of the adverse actions in relation to Morgan's complaints,[16] a corrective action plan that did not appear in her file,[17] and the response from her supervisors following her complaints.[18] Summary judgment is improper on this claim, and the Court **DENIES** Fundamental's motion as to the section 260A.014 claim.

### B.     Section 161.134 Claim

For Morgan's claim under section 161.134 of the Texas Health and Safety Code, the question is again whether or not she was an employee of a facility under that statute. The statute prohibits "[a] hospital, mental health facility, or treatment facility" from "suspend[ing] or terminat[ing] the employment of . . . an employee."[19] This is a narrower definition than in section 260A.014, and Morgan does not meet it.

It is undisputed that Morgan was employed and worked for Fundamental.[20] Neither party claims that Fundamental itself is a facility under the statute. Morgan specifically concedes that she "was an employee of [Fundamental] and reported to its

---

[16] Doc. 28 at App. 001–005.

[17] Doc. 28 at App. 027.

[18] Docs. 28 at App. 011, App. 014–015, App. 024

[19] Tex. Health & Safety Code § 161.134(a).

[20] Doc. 23 at 2; Doc. 27 at 7.

7

Mira Vista long-term care facility location (and subsequently Sandy Lake) to perform services as a marketing liaison."[21] Morgan argues she "can be considered an employee of the facility because she reported to the building daily."[22] But Morgan cites no case law for such a proposition. It is clear that Morgan was employed by Fundamental, not a facility at issue. Therefore, summary judgment is proper on this claim. The Court **GRANTS** Fundamental's motion as to Morgan's section 161.134 claim and **DISMISSES** the claim.

### C. Section 142.0093 Claim

Fundamental argues that section 142.0093 of the Texas Health and Safety Code does not provide for a private cause of action, and thus the Court should dismiss this claim. Morgan responds that the statute must provide a private cause of action "to yield the intended 'just and reasonable result.'"[23] Morgan argues that the statute would be rendered ineffective if the Court finds no private cause of action. The Court disagrees.

The Texas Supreme Court will not imply a private cause of action absent a clear appearance of legislative intent to create private standing.[24] When construing a statute, courts should first look "to the plain and common meaning of the statute's words."[25] The Court should "determine legislative intent from the entire act and not

---

[21] Doc. 27 at 13.

[22] Doc. 27 at 13.

[23] Doc. 27 at 14.

[24] *Brown v. De La Cruz*, 156 S.W.3d 560, 567 (Tex. 2004).

[25] *State ex rel. State Dep't of Highways & Pub. Transp. v. Gonzalez*, 82 S.W.3d 322, 327 (Tex. 2002) (cleaned up).

just from isolated portions," and "read the statute as a whole and interpret it to give effect to every part."[26]

In reading chapter 142 of the Texas Health & Safety Code as a whole, the Court does not find an express private cause of action, nor does the Court find language suggesting the Legislature intended one.  Chapter 142 provides for enforcement through the Attorney General of Texas on behalf of the Department of Aging and Disability Services (the Department).  Chapter 142 provides that the Department may assess an administrative penalty against a person who violates this chapter.[27] And the Department, upon request to the attorney general, may seek a civil penalty and injunctive relief against anyone who violates this chapter.[28]  The chapter further provides for notice and hearing, before the Department, to anyone the Department has determined to have violated the chapter.[29]  Nowhere does the statute provide for a private cause of action, nor has this Court found any Texas case law that has recognized such.  The Court will not imply language in the statute the Legislature did not include.

The lack of private standing does not render the statute ineffective as Morgan alleges.  The Department, through the attorney general, may bring an action to enforce the statute, and the Legislature expressly gave the Department authority to implement and carry out the purposes of this chapter.  Because there is no private

---

[26] *Id.* (cleaned up).

[27] Tex. Health & Safety Code § 142.017(a).

[28] Tex. Health & Safety Code §§ 142.013, 142.014.

[29] Tex. Health & Safety Code § 142.0171.

cause of action under section 142.0093, summary judgement on that claim is **GRANTED** and the claim is **DISMISSED**.

### IV.  Conclusion

For the foregoing reasons, the Court **GRANTS IN PART AND DENIES IN PART** the motion for summary judgment.  The Court **DISMISSES** Morgan's claims under section 161.134 and section 142.0093 of the Texas Health and Safety Code.

**IT IS SO ORDERED** this 8th day of July, 2025.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE