IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KAYLA MORGAN, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| | § | CIVIL ACTION NO. 3:24-cv-971-X |
| vs. | § | |
| | § | |
| FUNDAMENTAL CLINICAL AND | § | |
| OPERATIONAL SERVICES LLC, | § | |
| | § | |
| | § | |
| *Defendants.* | § | |

## JURY INSTRUCTIONS

MEMBERS OF THE JURY:

It is my duty and responsibility to instruct you on the law you are to apply in this case. The law contained in these instructions is the only law you may follow. It is your duty to follow what I instruct you the law is, regardless of any opinion that you might have as to what the law ought to be.

If I have given you the impression during the trial that I favor either party, you must disregard that impression. If I have given you the impression during the trial that I have an opinion about the facts of this case, you must disregard that impression. You are the sole judges of the facts of this case. Other than my instructions to you on the law, you should disregard anything I may have said or done during the trial in arriving at your verdict.

You should consider all of the instructions about the law as a whole and regard each instruction in light of the others, without isolating a particular statement or paragraph.

1

The testimony of the witnesses and other exhibits introduced by the parties constitute the evidence. The statements of counsel are not evidence; they are only arguments. It is important for you to distinguish between the arguments of counsel and the evidence on which those arguments rest. What the lawyers say or do is not evidence. You may, however, consider their arguments in light of the evidence that has been admitted and determine whether the evidence admitted in this trial supports the arguments. You must determine the facts from all the testimony that you have heard and the other evidence submitted. You are the judges of the facts, but in finding those facts, you must apply the law as I instruct you.

You are required by law to decide the case in a fair, impartial, and unbiased manner, based entirely on the law and on the evidence presented to you in the courtroom. You may not be influenced by passion, prejudice, or sympathy you might have for the plaintiff or the defendant in arriving at your verdict.

Do not let bias, prejudice or sympathy play any part in your deliberations. A corporation and all other persons are equal before the law and must be treated as equals in a court of justice.

**Burden of Proof: Preponderance of the Evidence**

Plaintiff Morgan has the burden of proving her case by a preponderance of the evidence. To establish by a preponderance of the evidence means to prove something is more likely so than not so. If you find that Plaintiff Morgan has failed to prove any element of her claim by a preponderance of the evidence, then she may not recover on that claim.

2

**Evidence**

The evidence you are to consider consists of the testimony of the witnesses, the documents and other exhibits admitted into evidence, and any fair inferences and reasonable conclusions you can draw from the facts and circumstances that have been proven.

Generally speaking, there are two types of evidence. One is direct evidence, such as testimony of an eyewitness. The other is indirect or circumstantial evidence. Circumstantial evidence is evidence that proves a fact from which you can logically conclude another fact exists. As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.

**Stipulations of Fact**

A "stipulation" is an agreement. When there is no dispute about certain facts, the attorneys may agree or "stipulate" to those facts. You must accept a stipulated fact as evidence and treat that fact as having been proven here in court.

The parties stipulate to the below facts, which are set forth in individually numbered paragraphs, and which require no proof.

1.  The State of Texas Health and Human Services Department and the Department of Aging and Disability are state regulatory agencies.

2.  Plaintiff Morgan was hired by Defendant Fundamental Clinical and Operational Services, LLC in October 2020.

3.  From July to September 2023, Matthew Foster was Plaintiff Morgan's

supervisor.

4. From July to September 2023, Mack Baldridge was the administrator of Mira Vista Court.

5. On July 28, 2023, Defendant Fundamental Clinical and Operational Services, LLC disciplined Plaintiff Morgan with a corrective action plan.

6. On July 28, 2023, Defendant Fundamental Clinical and Operational Services, LLC reassigned Plaintiff Morgan to the Sandy Lake facility.

7. Defendant Fundamental Clinical and Operational Services, LLC suspended Plaintiff Morgan on September 28, 2023.

8. Defendant Fundamental Clinical and Operational Services, LLC terminated Plaintiff Morgan on September 29, 2023.

**Witnesses**

You alone are to determine the questions of credibility or truthfulness of the witnesses. In weighing the testimony of the witnesses, you may consider the witness's manner and demeanor on the witness stand, any feelings or interest in the case, or any prejudice or bias about the case, that he or she may have, and the consistency or inconsistency of his or her testimony considered in the light of the circumstances. Has the witness been contradicted by other credible evidence? Has he or she made statements at other times and places contrary to those made here on the witness stand? You must give the testimony of each witness the credibility that you think it deserves.

Even though a witness may be a party to the action and therefore interested in its outcome, the testimony may be accepted if it is not contradicted by direct evidence or by any inference that may be drawn from the evidence, if you believe the testimony.

You are not to decide this case by counting the number of witnesses who have testified on the opposing sides. Witness testimony is weighed; witnesses are not counted. The test is not the relative number of witnesses, but the relative convincing force of the evidence. The testimony of a single witness is sufficient to prove any fact, even if a greater number of witnesses testified to the contrary, if after considering all of the other evidence, you believe that witness.

**Impeachment by Witness's Inconsistent Statements**

In determining the weight to give to the testimony of a witness, consider whether there was evidence that at some other time the witness said or did something, or failed to say or do something, that was different from the testimony given at the trial.

A simple mistake by a witness does not necessarily mean that the witness did not tell the truth as he or she remembers it. People may forget some things or remember other things inaccurately. If a witness made a misstatement, consider whether that misstatement was an intentional falsehood or simply an innocent mistake. The significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

**No Inference from Filing Suit**

The fact that a person brought a lawsuit and is in court seeking damages creates no inference that the person is entitled to a judgment. Anyone may make a claim and file a lawsuit. The act of making a claim in a lawsuit, by itself, does not in any way tend to establish that claim and is not evidence.

**Plaintiff's Claim**

I will now instruct you on the law that you must apply to Plaintiff Morgan's claim.

### A. Texas Health & Safety Code—Retaliation

Plaintiff Kayla Morgan claims that Defendant Fundamental Clinical and Operational Services LLC unlawfully retaliated against her in violation of the Texas Health and Safety Code. Specifically, Plaintiff Morgan alleges that Defendant Fundamental Clinical and Operational Services, LLC took adverse employment actions against her—including disciplining, transferring, suspending, and ultimately terminating her—because she reported violations of law related to the abuse and neglect of patients and/or because she initiated, cooperated, and participated in a state investigation related to the care, services, and conditions at skilled nursing facilities she was assigned to.

Defendant Fundamental Clinical and Operational Services, LLC denies Plaintiff's allegations. Defendant Fundamental Clinical and Operational Services, LLC contends that it is not a "facility," does not own these facilities, and is not a natural person and therefore cannot be an "employee" of a facility. Defendant

6

Fundamental Clinical and Operational Services, LLC further contends that the actions it took with respect to Plaintiff's employment were not in response to her reports or participation in any investigation but were for violations of company policies, inappropriate behavior in front of company clients, and for lawful reasons other than reporting violations of the law or participating in a state investigation.

Under the Texas Health and Safety Code, it is unlawful for a facility, the owner of a facility, or another employee of the facility to take adverse action against an employee because the employee:

1. Reported a violation of the law involving the abuse, neglect, or exploitation of a patient; **or**

2. Initiated or cooperated in any investigation or proceeding by a government agency concerning the care, services, or conditions at the facility.

A facility, the owner of a facility, or another employee of a facility may not discipline, discriminate, suspend, terminate or otherwise retaliate against an employee for engaging in any of those protected activities.

To prove unlawful retaliation, Plaintiff Morgan must prove by a preponderance of the evidence that:

1. Defendant Fundamental Clinical and Operational Services, LLC is a facility, the owner of a facility, or another employee of the facility;

2. Plaintiff Morgan was an employee of a facility and/or provided services to a facility for compensation;

3. Plaintiff Morgan reported a violation of the law related to the abuse, neglect, or exploitation of patients at a facility and/or Plaintiff Morgan initiated or cooperated in any investigation or proceeding of a governmental entity relating to care, services or conditions at the facility;

4. Plaintiff Morgan reported the violation to a supervisor, an administrator, a state regulatory agency, or a law enforcement agency; and

5. Plaintiff Morgan was disciplined, suspended, terminated, discriminated or otherwise retaliated against by a facility, the owner of a facility, or another employee of the facility, for reporting a violation of the law related to the abuse, neglect, or exploitation of patients at a facility and/or for initiating or cooperating in any investigation or proceeding of a governmental entity relating to care, services or conditions at the facility.

An "employee" means a person who is an employee of a facility or any other person who provides services for a facility for compensation, including a contract laborer for the facility.

A "facility" means (1) an institution that furnishes, in one or more facilities, food and shelter to four or more persons who are unrelated to the proprietor of the establishment and provides minor treatment under the direction and supervision of a physician licensed by the Texas Medical Board, or other services that meet some need beyond the basic provision of food, shelter, and laundry; (2) an assisted living facility; or (3) a prescribed pediatric extended care center.

8

An "assisted living facility" is an establishment that (1) furnishes, in one or more facilities, food and shelter to four or more persons who are unrelated to the proprietor of the establishment; (2) provides personal care services or administration of medication by a person licensed or otherwise authorized in Texas to administer the medication; (3) may provide assistance with or supervision of the administration of medication; (4) may provide skilled nursing services for the following limited purposes: coordination of resident care with outside home and community support services agencies and other health care professionals, provision or delegation of personal care services and medication administration, assessment of residents to determine the care required, and for periods of time as established by department rule, delivery of temporary skilled nursing treatment for minor illness, injury, or emergency; and (5) may provide health maintenance activities as defined by rule by the Texas Board of Nursing.

A "prescribed pediatric extended care center" is defined as a facility operated for profit or on a nonprofit basis that provides nonresidential basic services to four or more medically dependent or technologically dependent minors who require the services of the facility and who are not related by blood, marriage, or adoption to the owner or operator of the facility.

You need not find that the only reason for Defendant Fundamental Clinical and Operational Services, LLC's decision to discipline, transfer, suspend, or terminate Plaintiff Morgan was because of her reports of violation of law. But you must find that Defendant Fundamental Clinical and Operational Services, LLC's

9

decision to discipline, transfer, suspend, or terminate Plaintiff Morgan would not have occurred in the absence of—but for—her report.

If you disbelieve the reason Defendant Fundamental Clinical and Operational Services, LLC has given for its decisions, you may, but are not required to, infer that Defendant Fundamental Clinical and Operational Services, LLC would not have decided to terminate Plaintiff Morgan but for her report.

**Consider Damages Only If Necessary**

If Plaintiff Morgan has proven her claim of retaliation against Defendant Fundamental Clinical and Operational Services, LLC by a preponderance of the evidence, you must determine the damages to which Plaintiff Morgan is entitled. You should not interpret the fact that I have given instructions about Plaintiff Morgan's damages as an indication in any way that I believe Plaintiff Morgan should, or should not, win this case. It is your task first to decide whether Defendant Fundamental Clinical and Operational Services, LLC is liable. I am instructing you on damages only so that you will have guidance in the event you decide that Defendant Fundamental Clinical and Operational Services, LLC is liable, and that Plaintiff Morgan is entitled to recover money from Defendant Fundamental Clinical and Operational Services, LLC.

**B. Damages**

If you found that Defendant Fundamental Clinical and Operational Services, LLC violated the anti-retaliation section of the Texas Health & Safety Code, then you must determine whether it has caused Plaintiff Morgan damages, and, if so, you must

determine the amount of those damages. You should not conclude from the fact that I am instructing you on damages that I have any opinion as to whether Plaintiff Morgan has proved liability.

Plaintiff Morgan must prove her damages by a preponderance of the evidence. Your award must be based on evidence and not on speculation or guesswork. On the other hand, Plaintiff Morgan need not prove the amount of her losses with mathematical precision, but only with as much definitiveness and accuracy as the circumstances permit.

You should consider the following elements of actual damages, and no others: (1) the amount of back pay and benefits Plaintiff Morgan would have earned in her employment with Defendant Fundamental Clinical and Operational Services, LLC if she had not been terminated from September 29, 2023, to the date of your verdict, minus the amount of earnings and benefits that Plaintiff Morgan received from other employment during that time; (2) the amount of past compensatory damages that include emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, and other noneconomic losses; and (3) the amount of future compensatory damages that also include economic losses, emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, and other noneconomic issues.

Back pay includes the amount the evidence shows Plaintiff Morgan would have earned had she remained an employee of Defendant Fundamental Clinical and Operational Services, LLC. These amounts include wages or salary and such benefits

11

as life and health insurance, stock options, and contributions to retirement. You must subtract the amounts of earnings and benefits Defendant Fundamental Clinical and Operational Services, LLC proves by a preponderance of the evidence Plaintiff Morgan received during the period in question.

There is no exact standard for determining actual damages. You are to determine an amount that will fairly compensate Plaintiff Morgan for the harm she has sustained. Do not include as actual damages interest on wages or benefits.

To recover compensatory damages for mental and emotional distress, Plaintiff Morgan must prove that she has suffered a specific discernable injury with credible evidence. Hurt feelings, anger, and frustration are part of life and are not the types of harm that could support a mental-anguish award. Evidence of mental anguish need not be corroborated by doctors, psychologists, or other witnesses, but Plaintiff Morgan must support her claims with competent evidence of the nature, extent, and duration of the harm. Damages for mental or emotional distress must be based on the evidence at trial. They may not be based on speculation or sympathy.

### 1. Mitigation of Damages

A person who claims damages resulting from the wrongful act of another has a duty under the law to use reasonable diligence to mitigate her damages, that is, to avoid or to minimize those damages.

If you find Defendant Fundamental Clinical and Operational Services, LLC is liable and Plaintiff Morgan has suffered damages, Plaintiff Morgan may not recover for any item of damage which she could have avoided through reasonable effort. If you find that Defendant Fundamental Clinical and Operational Services, LLC proved

12

by a preponderance of the evidence Plaintiff Morgan unreasonably failed to take advantage of an opportunity to lessen her damages, you should deny her recovery for those damages that she would have avoided had she taken advantage of the opportunity.

You are the sole judge of whether Plaintiff Morgan acted reasonably in avoiding or minimizing her damages. An injured plaintiff may not sit idly by when presented with an opportunity to reduce her damages. However, she is not required to exercise unreasonable efforts or incur unreasonable expenses in mitigating the damages. Defendant Fundamental Clinical and Operational Services, LLC has the burden of proving the damages that Plaintiff Morgan could have mitigated. In deciding whether to reduce Plaintiff Morgan's damages because of her failure to mitigate, you must weigh all the evidence in light of the particular circumstances of the case, using sound discretion in deciding whether Defendant Fundamental Clinical and Operational Services, LLC has satisfied its burden of proving that Plaintiff Morgan's conduct was not reasonable.

## 2. Punitive Damages

If you find that Defendant Fundamental Clinical and Operational Services, LLC is liable for Plaintiff Morgan's injuries, you must award Plaintiff Morgan the compensatory damages that she has proved. You may, in addition, award punitive damages if you find that Defendant Fundamental Clinical and Operational Services, LLC acted with malice or with reckless indifference to the rights of others. One acts with malice when one purposefully or knowingly violates another's rights or safety. One acts with reckless indifference to the rights of others when one's conduct, under

the circumstances, manifests a complete lack of concern for the rights or safety of another. Plaintiff Morgan has the burden of proving punitive damages by clear and convincing evidence.

"Clear and convincing evidence" is evidence that produces in your mind a firm belief or conviction as to the truth of the matter sought to be established. It is evidence so clear, direct, weighty and convincing as to enable you to come to a clear conviction without hesitancy.

The purpose of punitive damages is to punish and deter, not to compensate. Punitive damages serve to punish a defendant for malicious or reckless conduct and, by doing so, to deter others from engaging in similar conduct in the future. You are not required to award punitive damages. If you do decide to award punitive damages, you must use sound reason in setting the amount. Your award of punitive damages must not reflect bias, prejudice, or sympathy toward any party. It should be presumed that Plaintiff Morgan has been made whole by compensatory damages, so punitive damages should be awarded only if Defendant Fundamental Clinical and Operational Services, LLC's misconduct is so reprehensible as to warrant the imposition of further sanctions to achieve punishment or deterrence.

If you decide to award punitive damages, the following factors should guide you in fixing the proper amount:

1. The reprehensibility of Defendant Fundamental Clinical and Operational Services, LLC's conduct, including but not limited to whether there was

14

deceit, cover-up, insult, intended or reckless injury, and whether Defendant Fundamental's conduct was motivated by a desire to augment profit;

2. The ratio between the punitive damages you are considering awarding and the amount of harm that was suffered by the victim or with which the victim was threatened.

You may not take into consideration any alleged harm to individuals who are not parties to this litigation.

**Duty to Deliberate**

It is now your duty to deliberate and to consult with one another in an effort to reach a verdict. Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors. During your deliberations, do not hesitate to reexamine your own opinions and change your mind if you are convinced that you were wrong. But do not give up on your honest beliefs because the other jurors think differently, or just to finish the case.

Remember at all times, you are the judges of the facts. You have been allowed to take notes during this trial. Any notes that you took during this trial are only aids to memory. If your memory differs from your notes, you should rely on your memory and not on the notes. The notes are not evidence. If you did not take notes, rely on your independent recollection of the evidence and do not be unduly influenced by the notes of other jurors. Notes are not entitled to greater weight than the recollection or impression of each juror about the testimony.

When you go into the jury room to deliberate, you may take with you a copy of this charge, the exhibits that I have admitted into evidence, and your notes. You must select a jury foreperson to guide you in your deliberations and to speak for you here in the courtroom.

Your verdict must be unanimous. After you have reached a unanimous verdict, your jury foreperson must fill out the answers to the written questions on the verdict form and sign and date it. After you have concluded your service and I have discharged the jury, you are not required to talk with anyone about the case.

If you need to communicate with me during your deliberations, the jury foreperson should write the inquiry and give it to the court security officer. After consulting with the attorneys, I will respond either in writing or by meeting with you in the courtroom. Keep in mind, however, that you must never disclose to anyone, not even to me, your numerical division on any question.

You may now proceed to the jury room to begin your deliberations.

## JURY QUESTIONS

<u>Question 1</u>

Do you find, by a preponderance of the evidence, that Defendant Fundamental Clinical and Operational Services, LLC is a "facility," the owner of a "facility," or another employee of the "facility" as defined by the Texas Health & Safety Code?

Answer "Yes" or "No."

Answer: __YES__

*On Question 1:*

1. *If you answered "Yes," then answer Question 2.*
2. *If you answered "No," please inform the Court you have concluded your deliberations.*

Question 2

Do you find, by a preponderance of the evidence, that Plaintiff Kayla Morgan was an employee of a facility or provided services for a facility for compensation?

Answer "Yes" or "No."

Answer: __YES__

*On Question 2:*

1. *If you answered "Yes," then answer Question 3.*
2. *If you answered "No," please inform the Court you have concluded your deliberations.*

18

Question 3

Do you find, by a preponderance of the evidence, that Defendant Fundamental Clinical and Operational Services, LLC retaliated against Plaintiff Morgan by disciplining, transferring, suspending, terminating, and/or otherwise retaliating against her because she reported a violation of law involving the abuse, neglect, or exploitation of a patient to her supervisor, the facility administrator, or state regulatory agency and/or because she initiated or cooperated in a state investigation regarding the care, services, or conditions at a facility?

Plaintiff Morgan must establish that without her report, if any, Defendant Fundamental Clinical and Operational Services, LLC's discipline, transfer, suspension, termination, and/or any other retaliation against Plaintiff Morgan would not have occurred when it did. There may be more than one cause for an employment decision. Plaintiff Morgan need not establish that the report she filed, if any, was the sole cause of Defendant Fundamental Clinical and Operational Services, LLC's discipline, transfer, suspension, termination, and/or other retaliation.

If you do not believe the reason Defendant Fundamental Clinical and Operational Services, LLC has given for disciplining, transferring, suspending, terminating, and/or otherwise retaliating against Plaintiff Morgan, you may, but are not required to, infer that Defendant Fundamental Clinical and Operational Services, LLC would not have disciplined, transferred, suspended, terminated, and/or otherwise retaliated against Plaintiff Morgan but for her report.

Answer "Yes" or "No"

Answer: __YES__

*On Question 3:*

1. *If you answered "Yes," then answer Question 4.*
2. *If you answered "No," please inform the Court you have concluded your deliberations.*

Question 4

What sum of money, if any, if paid now in cash, would fairly and reasonably compensate Plaintiff Morgan for her damages, if any, that resulted from such conduct?

Consider the following elements of damages, if any, and none other.

Do not include interest on any amount of damages you may find.

Do not include back pay or interest in calculating compensatory damages, if any.

Answer in dollars and cents for damages, if any.

    1.    Back pay and employment benefits.

"Back pay" is that amount of wages and employment benefits that Plaintiff Morgan would have earned if she had not been subjected to her employer's unlawful conduct less any wages, unemployment compensation benefits or workers' compensation benefits she received in the interim.

"Employment benefits" include sick-leave pay, vacation pay, profit sharing benefits, stock options, pension fund benefits, housing or transportation subsidies, bonuses, monetary losses incurred as a result of the loss of health, life, dental, or similar insurance coverage.

Answer: $ _10,000.00_

    2.    Compensatory damages in the past, which include emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, and other noneconomic losses.

Answer: $ _0.00_

    3.    Compensatory damages in the future, which include economic losses, emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, and other noneconomic losses.

Answer: $ _0.00_

*If you answered "Yes" to Question 3, then answer Question 5.*

Question 5

Do you find by clear and convincing evidence that Defendant Fundamental Clinical and Operational Services, LLC engaged in the discriminatory practice that you have found in answer to Question 3 with malice or with reckless indifference to the right of Plaintiff Morgan to be free from such practices?

"Clear and convincing evidence" means the measure or degree of proof that produces a firm belief or conviction of the truth of the allegations sought to be established.

"Malice" means a specific intent by Defendant Fundamental Clinical and Operational Services, LLC to cause substantial injury or harm to Plaintiff Morgan.

Answer "Yes" or "No."

Answer: __No__

*On Question 5:*

1. *If you answered "Yes," then answer Question 6.*
2. *If you answered "No," please inform the Court you have concluded your deliberations.*

Question 6

What sum of money, if any, if paid now in cash, should be assessed against Defendant Fundamental Clinical and Operational Services, LLC and awarded to Plaintiff Morgan as punitive damages, if any, for the conduct found in response to Question 5?

"Punitive damages" means an amount that you may, in your discretion, award as a penalty or by way of punishment.

Factors to consider in awarding punitive damages, if any, are:

1. The nature of the wrong.
2. The character of the conduct involved.
3. The degree of culpability of Defendant Fundamental Clinical and Operational Services, LLC.
4. The situation and sensibilities of the parties concerned.
5. The extent to which such conduct offends a public sense of justice and propriety.
6. The net worth of Defendant Fundamental Clinical and Operational Services, LLC.

Answer in dollars and cents, if any.

Answer: $_____

Foreperson

8-7-25

Date